McDONALD et al. v. BROWN et al.
No. 8553.

Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1931.

Rehearing Denied March 25, 1931.

E. T. Yates, of Brownsville, for appellants.

Canales & Eidman, of Brownsville, for appellees.

FLY, C. J.

This is an application on the part of Neil McDonald, L. F. Boling, P. M. Davis, and Richard Bates for an injunction to restrain W. F. Brown, sheriff of Cameron county, and H. D. Seago, county clerk, from levying and issuing a writ of execution in a case styled C. W. Garner v. Rio Hondo Co-operative Society, in which a judgment by default had been taken; appellants claiming that they had not been cited or notified of the filing and pendency of said suit. A temporary injunction was granted but afterwards dissolved. Garner intervened in the suit. The court held that appellants had been duly cited, and that the judgment against them was valid and binding, and rendered judgment against appellants for $910.60.

■ There is evidence that sustains the recitals in the judgment that the parties were properly served in the case of Garner v. Rio Hondo Co-operative Society. Each of the appellants swore that he was not served with citation in the suit, but that testimony was not credited by the trial judge. He knew the witnesses, and was in a position to pass upon their credibility and the weight to be given to their testimony. He preferred to accept the return of the officer who served the citations and the recitals in the judgment. The presumptions were in favor of the returns of the officer and the recitals in the judgment, and they were sought to be destroyed by the unsupported testimony of each appellant as to his own service.

■ How the amount of the judgment against appellants was reached is not disclosed by the record or statement of facts, and there does not appear any basis for the judgment in the pleadings. Garner had re-

covered all he demanded when the judgment by default was taken in the original suit. No damages are definitely pleaded or shown by the evidence to have accrued from the issuance of the temporary injunction and yet there is no complaint of the judgment except as to the sureties on the injunction bond. The judgment rendered in this case, of $910.60, probably included the amount of the original judgment with interest from its due date. It could not have been for damages, for no such sum was pleaded and no evidence sustains it.

While the judgment for $910.60 is not complained of in so far as it affects the principal in the injunction suit, still it was fundamental error to render another judgment against appellants. No judgment based on the original judgment could be rendered in the injunction suit against appellants. The court not only held the judgment for the debt valid and binding, but doubled it and rendered another judgment for it.

That part of the judgment for $910.60 is stricken from the judgment of the trial court, and that portion decreeing the validity of the original judgment and the dissolution of the injunction will be affirmed; the costs being assessed against appellants.